```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                        :
PELEUS INSURANCE COMPANY,                               :
                                                        :
                            Plaintiff,                  :
                                                        :
             -v-                                        :    24-CV-2394 (JMF)
                                                        :
ALLIED WORLD SURPLUS LINES INSURANCE                    :    ORDER
COMPANY et al.,                                         :
                                                        :
                            Defendants.                 :
                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Plaintiff Peleus Insurance Company brings this action against Defendants Allied World Surplus Lines Insurance Company, 333 Park Slope Condos, LLC ("333"), Rogers & Dawson Building Company LLC ("Rogers"), and Yen Jerly Vasquez Torres, invoking the Court's subject matter jurisdiction on the ground of diversity of citizenship. *See* 28 U.S.C. § 1332. Peleus alleges that it is a citizen of Virginia and Illinois. *See* ECF No. 1 ("Complaint") ¶ 4. It alleges that 333 and Rogers, both limited liability companies ("LLC"), are "domiciled" in New York. *See id.* ¶¶ 6-7.

It is well established that an LLC is deemed to be a citizen of each state of which its members are citizens. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000); *see also Altissima Ltd. v. One Niagara LLC*, No. 08-CV-756S(M), 2010 WL 3504798, at *2 (W.D.N.Y. Sept. 2, 2010) (noting that every other Court of Appeals to have considered LLC citizenship has held that an LLC has the citizenship of all of its members). Thus, a complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of an LLC and the place of incorporation and principal place of

business of any corporate entities that are members of the LLC (including the citizenship of any members of the LLC that are themselves LLCs).  *See Handelsman*, 213 F.3d at 51-52; *see also, e.g.*, *In re Bank of Am. Corp. Sec., Derivatives, and ERISA Litig.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010).  Additionally, a party's citizenship, including the citizenship of LLC members, "must be affirmatively pled."  *Prospect Funding Holdings, LLC v. Fennell*, No. 15-CV-4176 (LLS), 2015 WL 4477120, at *1 (S.D.N.Y. July 15, 2015); *see also Flemming v. Port Auth. of New York & New Jersey*, No. 21-CV-1112 (BMC), 2021 WL 878558, at *1 (E.D.N.Y. Mar. 9, 2021) ("It is not enough to allege, in conclusory fashion, that none of a[n] LLC[] [party's] members are citizens of the same state as [the opposing party].").  In the present case, the Complaint fails to affirmatively plead the citizenship of each member of the LLC Defendants.

Accordingly, it is hereby ORDERED that, on or before **April 10, 2024**, the Peleus shall amend its Complaint to affirmatively allege the citizenship of each constituent person or entity comprising the LLC Defendants as well as the citizenship of all individual parties.  If, by that date, the Peleus is unable to amend the Complaint to truthfully allege complete diversity of citizenship, then the Complaint will be dismissed for lack of subject matter jurisdiction without further notice to either party.

SO ORDERED.

Dated: April 2, 2024
New York, New York

JESSE M. FURMAN
United States District Judge